# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

### CASE NO.: 3:23-cv-1045

ATRIUM 5 LIMITED, a foreign corporation,

    Plaintiff,

v.

SAMUEL ROACH D/B/A FIRST COAST STUCCO, a sole proprietor,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Atrium 5 Limited ("Plaintiff"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendant, Samuel Roach d/b/a First Coast Stucco ("Defendant"), showing the Court as follows:

## NATURE OF THE ACTION

1.

This is an action pursuant to 28 U.S.C. § 2201 seeking a declaratory judgment that (1) Defendant made material misrepresentations in its application for insurance

with Plaintiff and (2) Plaintiff properly rescinded *ab initio* the commercial general liability insurance policy it issued to Defendant.

## THE PARTIES, JURISDICTION AND VENUE

2.

Plaintiff is a foreign entity organized under the laws of the United Kingdom, with its principal place of business located in the United Kingdom. For purposes of diversity, Plaintiff is a citizen of the United Kingdom.

3.

Defendant, Samuel Roach, is a natural person and a Citizen of the State of Georgia. Defendant's domicile is Georgia and has made it his intention to remain in Georgia. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). For purposes of diversity, Defendant is not a citizen of the United Kingdom.

4.

Plaintiff issued Policy No. CIBFL0011723 to Defendant effective from February 5, 2015 to February 5, 2016 (the "Policy"). A Copy of the Policy is attached as Exhibit "A".

5.

Complete diversity exists between Plaintiff and Defendant. The amount in controversy exceeds $75,000.00.

6.

This Court has subject matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

7.

Venue is proper because a substantial part of the events giving rise to the present action occurred in this division and, in the alternative, Defendant is subject to the Court's personal jurisdiction in this division pursuant to 28 U.S.C. § 1391.

8.

This action is brought pursuant to 28 U.S.C. §§ 2201 and 2202, and seeks declaratory relief under Federal Rule of Civil Procedure 57 on whether Defendant made material misrepresentations in its application for insurance with Plaintiff and whether Plaintiff properly rescinded *ab initio* the commercial general liability insurance policy it issued to Defendant. Plaintiff is uncertain as to its duties, rights and obligations, and files this declaratory judgment action to resolve questions of coverage under the Policy. An actual and justiciable dispute over those duties, rights and obligations exists between the parties.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600

## THE APPLICATIONS & THE POLICY

9.

Plaintiff provided commercial general liability insurance coverage to Defendant under Policy No. CIBFL0011723 for the period of February 5, 2015 to February 5, 2016. *See* Exhibit "A".

10.

In seeking insurance coverage from Plaintiff under the Policy, Defendant completed a separate application that asked, among other things, (a) whether Defendant performed work on new construction operations performed on single-family units, including residential condominiums, multi-unit homes, tract housing, subdivisions, townhouses, or apartment buildings within subdivisions or projects where there are five or more total units; and (b) whether Defendant normally performed work under written contract. *See* Policy Application attached as Exhibit "B".

11.

In its application, Defendant affirmed (a) that it did not work on new construction operations performed on single-family units, including residential condominiums, multi-unit homes, tract housing, subdivisions, townhouses, or apartment buildings within subdivisions or projects where there are five or more

total units, and (b) that it did not normally performed work under written contract. *See* Exhibit "B".

12.

The Policy contains a "Truthful Affirmation Provision", which is found at Form CG 00 01 12 07, p. 12 of 16, and states as follows:

> By accepting this policy, you agree:
>
> a. The statements in the Declarations are accurate and complete;
>
> b. Those statements are based upon representations you made to us; and
>
> c. We have issued this policy in reliance upon your representations.

Exhibit "A".

## THE UNDERLYING CLAIMS & RECISSION OF THE POLICY

13.

Drees Homes of Florida, Inc. ("Drees Homes") submitted multiple construction defect claims against the Defendant that involve the construction of single family homes located in St. Johns County or Clay County, Florida. *See e.g.* List of Claims attached as Exhibit "C".

14.

Upon being placed on notice of the above-referenced claims, and after investigating the facts and circumstances surrounding Drees Homes' allegations,

Plaintiff learned for the first time that Defendant, contrary to its representations in its insurance application, (a) performed new building construction operations on single-family units including residential condominiums, multi-unit homes, tract housing, subdivisions, townhouses, or apartment buildings within subdivisions or projects where there are five or more total units and (b) ordinarily performed work under written contract.

15.

On or about September 5, 2023, Plaintiff rescinded *ab initio* the Policy identified by Policy No. CIBFL0011723, as described above, based upon Defendant's material misrepresentations in its application for insurance with Plaintiff. *See* Plaintiff's correspondence dated September 5, 2023 attached as Exhibit "D". Plaintiff refunded Defendant's full premium on the Policy on September 5, 2023. *See* Copy of Check attached as Exhibit "E".

16.

Plaintiff, had it known Defendant was (a) performing new construction operations on single-family units including residential condominiums, multi-unit homes, tract housing, subdivisions, townhouses, or apartment buildings within subdivisions or projects where there are five or more total units and/or (b) ordinarily performed work under written contract, would either not have issued the Policy, or

would have insisted on different coverage terms, limits, and exclusions, including higher insurance premiums, as a condition of agreeing to insure Defendant.

17.

Accordingly, these material misrepresentations were grounds for recission *ab initio* of Defendant's Policy with Plaintiff pursuant to the Policy's terms and conditions, including but not limited to the Truthful Affirmation Provision under Form CG 00 01 12 07, p. 12 of 16.

18.

A controversy exists as to whether Defendant made material misrepresentations on its application for insurance with Plaintiff which support recission *ab initio* of Defendant's Policy pursuant to the Policy's terms and conditions.

## **COUNT I – DECLARATORY RELIEF**

19.

Plaintiff incorporates Paragraphs 1 through 18 as if fully restated herein.

20.

Plaintiff contends it properly rescinded Policy No. CIBFL0011723 because Defendant misrepresented two material facts on its application for insurance pertaining to Policy No. CIBFL0011723: (a) the type of work Defendant performed and (b) whether Defendant ordinarily performed its work under written contract.

21.

Defendant disputes Plaintiff's position that Plaintiff properly rescinded Policy No. CIBFL0011723 based upon Defendant's disclosures in the process of applying for insurance under Policy No. CIBFL0011723.

22.

Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that (a) Defendant made material misrepresentations to Plaintiff when applying for insurance under Policy No. CIBFL0011723 and (2) Plaintiff properly rescinded *ab initio* Policy No. CIBFL0011723 based upon Defendant's material misrepresentations when applying for the same.

23.

Plaintiff therefore seeks a declaration that it owes no coverage to Defendant under Policy No. CIBFL0011723.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

1. The Court to declare that Defendant made material misrepresentations in applying for insurance under Policy No. CIBFL0011723;

2. The Court to declare that Plaintiff properly rescinded *ab initio* Policy No. CIBFL0011723;

3. The Court to award Plaintiff its costs of suit; and

4. Such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of September 2023.

          **FIELDS HOWELL LLP**
*Counsel for Plaintiff*
9155 S. Dadeland Blvd.
Suite 1012
Miami, Florida  33156
Tel:  (786) 870-5600
Fax:  (855) 802-5821

By: /s/ *Armando P. Rubio*
    Armando P. Rubio, Esq.
    Florida Bar No. 478539
    arubio@fieldshowell.com
    service@fieldshowell.com
    Marshall N. Lahiff, Esq.
    Florida Bar No: 105305
    Mlahiff@fieldshowell.com
    Emma Han, Esq.
    Florida Bar No: 1025013
    hhan@fieldshowell.com