# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO.: 3:23-cv-1045-MMH-LLL

ATRIUM 5 LIMITED, a foreign corporation,

    Plaintiff,

v.

SAMUEL ROACH D/B/A FIRST COAST STUCCO, a sole proprietor,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, Atrium 5 Limited ("Plaintiff"), by and through its undersigned counsel, and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 1.10, hereby files its Motion for Default Judgment against Defendant, Samuel Roach d/b/a First Coast Stucco, and in support therefor states as follows:

1. On September 6, 2023, Plaintiff filed its Complaint seeking a declaratory judgment that the commercial general liability Policy No. CIBFL0011723 issued by Plaintiff to Defendant is rescinded, null and void *ab initio* due to Defendant's material misrepresentations made on the application for insurance with Plaintiff. [D.E. 1].

Case No.: 3:23-cv-1045-MMH-LLL

2. On December 9, 2023, Plaintiff properly served a copy of the summons and Complaint on Defendant. [D.E. 25].[1] Defendant's response to the Complaint was due on or before January 2, 2024. *See* Fed. R. Civ. Pro. 12.[2]

3. To date, Defendant has failed to respond, plead or otherwise defend as provided by the Federal Rules of Civil Procedure.[3] On February 1, 2024, the Clerk of the Court entered a default against Defendant pursuant to Fed. R. Civ. Pro. 55(a). [D.E. 27].

4. Accordingly, pursuant to Fed. R. Civ. Pro. 55(b)(2) and Local Rule 1.10, Plaintiff respectfully requests the Court enter a final default judgment against Defendant, declaring and adjudging Policy No. CIBFL0011723 to be rescinded, null and void *ab initio*.

---

[1] Pursuant to Court order dated December 5, 2023, the deadline to effectuate service on Defendant was extended to February 5, 2024. [D.E. 20].

[2] Twenty-one days from December 9, 2023 falls on December 30, 2023, which is a Saturday. Pursuant to Rule 6, where, as here, the period ends on a Saturday, the period continues to run until the next day that is not a Saturday, Sunday or legal holiday – January 2, 2024.

[3] While Ms. Lillie Roach, who appears to be the wife of Defendant, mailed a letter to the Court on October 6, 2023 [D.E. 5], the October 6, 2023 letter was stricken by the Court as improper correspondence with the Court on October 12, 2023. [D.E. 6]. As clearly stated in the Court's October 12, 2023 Order, the letter "is not a proper pleading, motion , or notice … and the filing cannot be construed of a notice of appearance." [D.E. 6].

Case No.: 3:23-cv-1045-MMH-LLL

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 55(b)(2) "authorizes a court to enter a default judgment against a properly served defendant, who like Defendant here, failed to file a timely responsive pleading." *Rolex Watch U.S.A., Inc. v. Lizaso-Rodriguez*, 2012 WL 1189768, at *2 (S.D. Fla. Apr. 9, 2012); *see also Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986)("[A] court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.").

Entry of a default judgment is a two-step procedural process. First, upon a defendant's failure to plead or otherwise defend itself, the clerk of court must execute an entry of default. *See* Fed. R. Civ. P. 55(a). Second, assuming the defendant is neither an incompetent person nor an infant, a default judgment is appropriate if, accepted as true, the plaintiff's well-pleaded allegations constitute a claim upon which relief can be granted. *See* Fed. R. Civ. P. 55(b).

Where, as here, a default judgment is seeking against a defaulting defendant in a declaratory judgment action, "the nature of declaratory relief is such that the admission of the well-pleaded facts *does* suffice to establish the propriety of such relief." *Am. Gen. Life Ins. Co. v. Hector*, 2012 WL 13137016, at *2 (M.D. Fla. Aug. 16, 2012)(emphasis in original); *see* also *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987)(stating that the effect of entering a default is that the "defendant

admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.")(internal quotation omitted).

To that end, courts within this Circuit have repeatedly entered default judgment against a defaulting insured in a declaratory judgment action. *See Am. Gen. Life Ins. Co.*, 2012 WL 13137016 at *2-3, *recommendations adopted* 2012 WL 13137037 (November 15, 2012)("Based on the allegations of the Complaint, which are deemed admitted, the [magistrate judge] determines that the declaratory relief sought is appropriate. Therefore, the [magistrate judge] recommends that the … policy at issue be declared null and void and rescinded *ab initio*."); *First Chicago Ins. Co. v. Freeman*, 2023 WL 4311950, at *1 (M.D. Fla. July 3, 2023)(granting insurer's motion for final default judgment and ordering *inter alia* that "[t]he policy shall be null and void and of no benefit whatsoever from its inception."); *Am. Guarantee & Liab. Ins. Co. v. Estime-Thompson, P.A.*, 2008 WL 11333273, at *3 (S.D. Fla. Sept. 16, 2008)(denying purported claimant's motion to intervene, granting insurer's motion for default judgment and finding that "the [p]olicy is void *ab initio*").

Here, the Complaint states that Defendant made material misrepresentations in the Policy Application regarding the nature and scope of Defendant's business. [D.E. 1 at ¶ 14]. These misrepresentations were material to Plaintiff's acceptance of

4

the risk; and Plaintiff in good faith either would not have issued the subject general business liability policy, or would have insisted on different coverage terms, limits and exclusions, including higher insurance premiums, as a condition of agreeing to insure Defendant, if the true facts had been made known to Plaintiff. [D.E. 1 at ¶ 16].

Based on the allegations of the Complaint, which are deemed admitted by Defendant by virtue of Defendant's default, the declaratory relief sought by Plaintiff is appropriate. *See QBE Ins. Co. v. Metro. Glass Co.*, 2007 WL 987476, at *2 (S.D. Ala. Mar. 28, 2007)("[T]he legal effect of [defendant insured]'s default is that it has now admitted the facts recited in the Complaint which are sufficient to establish the propriety of entry of a declaratory judgment in [insurer]'s favor."); *see also Certain Underwriters at Lloyd's London v. Jimenez*, 197 So. 3d 597, 602 (Fla. 3d DCA 2016)("If an insured's misrepresentation was material to the insurer's acceptance of the risk or, if the insurer in good faith would not have issued the policy under the same terms and premium, then rescission of the policy by the insurer is proper.")(citation omitted).Therefore, Plaintiff respectfully requests that the Court enter a final default judgment against Defendant.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter final default judgment against Defendant, Samuel Roach d/b/a First Coast Stucco, pursuant to Fed. R. Civ. P. 55(b) and Local Rule 1.10 as follows:

Case No.: 3:23-cv-1045-MMH-LLL

(1) Defendant, Samuel Roach d/b/a First Coast Stucco, made material misrepresentations in applying for insurance under Policy No. CIBFL0011723;

(2) The Commercial General Liability Policy No. CIBFL0011723 issued by Plaintiff is null and void and rescinded *ab initio*.

Respectfully submitted, this 15th day of February 2024.

**FIELDS HOWELL LLP**
*Counsel for Plaintiff*
9155 S. Dadeland Blvd.
Suite 1012
Miami, Florida  33156
Tel:  (786) 870-5600
Fax:  (855) 802-5821

By: /s/ *Emma Han*
    Armando P. Rubio, Esq.
    Florida Bar No. 478539
    arubio@fieldshowell.com
    service@fieldshowell.com
    Marshall N. Lahiff, Esq.
    Florida Bar No: 105305
    Mlahiff@fieldshowell.com
    Emma Han, Esq.
    Florida Bar No: 1025013
    hhan@fieldshowell.com

Case No.: 3:23-cv-1045-MMH-LLL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Delivery via CM/ECF day to all counsel of record.

By: /s/ *Emma Han*
Armando P. Rubio, Esq.
Florida Bar No. 478539
arubio@fieldshowell.com
service@fieldshowell.com
Marshall N. Lahiff, Esq.
Florida Bar No: 105305
Mlahiff@fieldshowell.com
Emma Han, Esq.
Florida Bar No: 1025013
hhan@fieldshowell.com

**FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD. | SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600**