United States District Court
Middle District of Florida
Jacksonville Division

**ATRIUM 5 LIMITED,**

    **Plaintiff,**

v.                                                             NO. 3:23-CV-1045-MMH-LLL

**SAMUEL ROACH, D/B/A**
**FIRST COAST STUCCO,**

    **Defendant.**

_____

### Report on Status of Case

The Court sua sponte submits this report on the status of the case to The Honorable Marcia Morales Howard, United States District Judge.

Atrium 5 Limited (Atrium) initiated this case on September 6, 2023, seeking a declaratory judgment against Samual Roach d/b/a First Coast Stucco (Roach). Doc. 1. Atrium seeks a judgement declaring Roach made material misrepresentations on his insurance applications and Atrium properly rescinded its policy. *Id*. Before Roach was served with process, Drees moved to intervene alleging its status as an additional insured under Roach's policy with Atrium. Doc. 19 at 2-3.

Roach was served with process on December 9, 2023, with his response due on or before January 2, 2024. Docs. 25, 26. On February 1, 2024, a clerk's default was entered when Roach failed to file a timely response to the complaint. Doc. 27. After entry of the clerk's default Atrium filed a motion for default judgment against Roach,

doc. 28, which Drees filed a response in opposition to. Doc. 29. Atrium subsequently moved to strike Drees' response in opposition. Doc. 30.

On April 10, 2024, Drees filed a notice of suggestion of bankruptcy, doc. 36, indicating that it had filed a Chapter 7 petition for relief against Roach in the United States Bankruptcy Court for the Middle District of Florida. See Case No: 3:24-bk-1005-JAB. According to Drees, the filing of the petition stayed the continuation of the civil proceedings against Roach. 11 U.S.C. § 362(a). At a hearing on April 12, 2024, the Court inquired as to whether the stay also applied to Drees. Drees argued, without authority, that the filing of the bankruptcy petition against Roach automatically stayed the case against Drees, as well. *See* doc. 36.[1] When questioned by the Court, counsel for Atrium agreed that the petition for involuntary bankruptcy automatically stayed the case against Roach. Because Drees is not a party to the litigation, and its motion to intervene in the case has not yet been ruled on, Atrium took no position on whether the stay applied to Drees.

The Court took the parties' motions under advisement, doc. 37, and directed Drees to submit supplemental briefing on whether the involuntary petition's automatic

---

[1] Drees takes an identical position in *QBE Specialty Insurance Company, Inc. v. Samuel Roach d/b/a First Coast Stucco and Drees Homes of Florida, Inc.*, No: 3:23-cv-00886-MMH-LLL, where Drees is a named defendant in QBE Specialty Insurance Company, Inc.'s declaratory action against Roach. Drees in both cases alleges it's an additional insured under Roach's policies and opposes the motions for default judgement pending against Roach. Drees has filed identical notices of suggestion of bankruptcy and supplemental briefs in both cases arguing the cases should be automatically stayed under 11 U.S.C. § 362(a) and the stay applies to both Roach and Drees.

stay applied to both Drees and Roach. Drees filed their supplemental brief citing authority in support of its argument that the case be stayed as to all parties. Doc 38.

Upon review of the filings, I respectfully **recommend** that this case be stayed as to all parties in accordance with 11 U.S.C. § 362(a), pending the resolution of the Chapter 7 bankruptcy petition against Roach.

**Entered** in Jacksonville, Florida on June 12, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Armando Pedro Rubio, Esquire
Emma Han, Esquire
Marshall Lahiff, Esquire
Michael Colin Feinberg, Esquire
Barry Barnett Ansbacher, Esquire